**Delbert Boyd TEAGUE, Jr.,**
**Petitioner–Appellant,**

v.

**Gary L. JOHNSON, Director, Texas Department of Criminal Justice, Institutional Division, Respondent–Appellee.**

No. 97–10878.

United States Court of Appeals,
Fifth Circuit.

Aug. 14, 1998.

Robert Franklin Ford, Fort Worth, TX, Robert Patrick Abbott, Coppell, TX, for Petitioner–Appellant.

Erik E. Cary, Austin, TX, for Respondent–Appellee.

Before JOLLY, BENAVIDES and PARKER, Circuit Judges.

BY THE COURT:

Delbert Boyd Teague, a Texas death penalty candidate, has moved this court to stay his execution, currently scheduled for September 9, 1998, pending disposition of a petition for writ of certiorari in the United States Supreme Court. Lacking jurisdiction to enter such an order, we dismiss Teague's motion.

In *Teague v. Johnson*, 144 F.3d 50 (5th Cir.1998) (unpublished), we affirmed the district court's denial of Teague's petition for a writ of habeas corpus. The appellate mandate issued on May 22. Pursuant to 28 U.S.C. § 2251, only "[a] Justice or Judge of the United States before whom a habeas petition is pending, may . . . stay a[] proceeding against the person detained." As we recently attempted to make clear, *see Williams v. Cain*, 143 F.3d 949, 950 & n.1 (5th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 2338, 141 L.Ed.2d 710 (1998), once the appellate mandate issues, a habeas petition is no longer pending before the court of appeals, and we have no jurisdiction to stay proceedings under § 2251. In this situation, if a petitioner desires a stay of execution pending disposition of a writ of certiorari in the United States Supreme Court, he simply must seek that stay in the Supreme Court itself. *Id.*

MOTION DISMISSED.